IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

OMAR A. MOHAMUD,

    Plaintiff,

v.

DEPARTMENT OF EMPLOYEE TRUST
FUNDS OF THE STATE OF WISCONSIN,

    Defendant.

ORDER

18-cv-880-jdp

---

Pro se plaintiff Omar Mohamud filed this suit against the Wisconsin Department of Employee Trust Funds (ETF), claiming that the ETF owes him short-term and long-term disability benefits in the amount of $671,200. His complaint is confusing and does not explain why the ETF owes him benefits or why this court has jurisdiction to hear the case. I will give Mohamud an opportunity to file an amended complaint that more fully explains the facts of the case and why it belongs in federal court instead of state court.

ALLEGATIONS OF FACT

I draw the following facts from Mohamud's complaint, and I accept them as true at this stage. As a pro se litigant, I read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

In July 2009, Mohamud filed for long-term disability benefits with the ETF. However, a representative at the ETF lied to Mohamud and told him that because of government bureaucracy, Mohamud's disability benefits would take a long time to be approved. The representative advised Mohamud that while he waited for disability benefits, Mohamud should

retire and seek retirement benefits. Mohamud could then unretire when the disability benefits were approved. So Mohamud signed retirement papers.

Mohamud wanted to take his case to court, so he asked the ETF to give him a copy of his file. At first, the ETF refused because Mohamud had not exhausted his administrative remedies. But after Mohamud talked to the ETF's lawyer, the lawyer gave him a copy of the file. Mohamud discovered that the file was manipulated, and all the evidence was removed.

ANALYSIS

There are two problems with Mohamud's complaint. First, he does not provide enough facts for the ETF or the court to understand his claim. Second, he does not explain why the federal courts have jurisdiction to hear his claim.

First, Federal Rule of Civil Procedure 8 requires a plaintiff to include in his complaint "a short and plain statement of the claim showing that [he] is entitled to relief." The primary purpose of this rule is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Mohamud's complaint does not comply with Rule 8 because he does not explain why he thinks the ETF should pay him disability benefits. I cannot tell from Mohamud's complaint whether he was a Wisconsin state employee who signed up for employment benefits through the ETF, whether he has a disability that entitles him to receive benefits, or whether the ETF denied the claim that Mohamud filed. Mohamud alleges that ETF employees destroyed "evidence," but he does not explain what the evidence was or what it would have proven. And

although he alleges that he was tricked into retiring, Mohamud does not explain if his retirement affected his ability to receive disability benefits.

Second, Mohamud's complaint does not allege any basis for federal jurisdiction. Most lawsuits cannot be filed in federal court. "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009), and a district court has an independent obligation to determine whether it can exercise subject-matter jurisdiction, even when no party challenges it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Unless a complaint adequately alleges subject matter jurisdiction, I must dismiss the case. *Smart v. Local 702 Int'l Bhd. Of Elc. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because Mohamud filed his complaint in federal court, it is his responsibility to establish federal jurisdiction. *See id.* at 802–03.

There are two different ways that Mohamud can establish federal jurisdiction. First, Mohamud can invoke diversity jurisdiction under 28 U.S.C. § 1332, meaning that the case involves claims between parties who are citizens of different states and that the amount in controversy exceeds $75,000. Second, if the parties are not diverse, then Mohamud may invoke federal question jurisdiction by asserting claims that arise under federal law. 28 U.S.C. § 1331. In this case, both parties appear to be citizens of Wisconsin. Therefore, Mohamud probably cannot invoke diversity jurisdiction, and he can file his case in federal court only if he is alleging a claim under federal law.

Here, Mohamud alleges only that the ETF violated his "civil rights," but he does not explain which civil rights he is referring to. If he believes that the ETF violated his rights under federal law or the United States Constitution, then Mohamud should explain exactly what the ETF did. If instead Mohamud believes that the ETF owes him money under Wisconsin law,

but did not violate federal law, then he should file his claim in state court instead of federal court.

I will give Mohamud until November 27 to file an amended complaint that (1) clearly states the facts of his case; and (2) explains what basis there is for federal jurisdiction. I will attach a copy of the court's complaint form to assist him in drafting his amended complaint. Mohamud should write his complaint as if he is telling a story to people who know nothing about the situation. He should start from the beginning, explain where he worked, why he filed for disability benefits, and every step of the process that he went through while trying to receive benefits. If Mohamud does not submit an amended complaint by the deadline set forth below, I will dismiss his case.

ORDER

IT IS ORDERED that:

1. Plaintiff Omar Mohamud may have until November 27, 2018, to submit an amended complaint. The amended complaint must include:

    a. A full explanation of the facts of his case and basis for his claims as required by Federal Rule of Civil Procedure 8.

    b. A basis for invoking federal subject-matter jurisdiction under 28 U.S.C. § 1331 or § 1332.

2. If Mohamud does not timely submit an amended complaint I will dismiss this case for lack of subject matter jurisdiction.

Entered November 6, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge