IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

OMAR A. MOHAMUD,

    Plaintiff,

v.                                                      ORDER

DEPARTMENT OF EMPLOYEE TRUST           18-cv-880-jdp
FUNDS OF THE STATE OF WISCONSIN,

    Defendant.

---

Pro se plaintiff Omar Mohamud filed this suit against the Wisconsin Department of Employee Trust Funds (ETF), claiming that ETF owes him disability insurance benefits in the amount of $671,200.

I previously screened Mohamud's complaint, Dkt. 1, and I dismissed it because Mohamud did not allege any basis for federal jurisdiction, and because he failed to state a claim under Federal Rule of Civil Procedure 8. Dkt. 2. I gave Mohamud a short period of time to file an amended complaint that complied with Rule 8 and that alleged a basis for federal jurisdiction.

Mohamud has now filed an amended complaint. Dkt. 3. After reviewing his amended complaint, I conclude that although Mohamud may state a claim under Wisconsin law, I must dismiss his case because this court does not have jurisdiction to hear it.

ALLEGATIONS OF FACT

I draw the following facts from Mohamud's complaint, and I accept them as true at this stage. Because Mohamud is a pro se litigant, I read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Mohamud worked for the Wisconsin Department of Transportation from 1997 to 2009. As a Wisconsin state employee, Mohamud received benefits through ETF.

Mohamud suffers from glaucoma, which caused his vision to deteriorate. In 2008, Mohamud started to suffer from "dark spots" and blindness. He applied for short-term disability through his income-continuation insurance, but ETF did not send a response. Mohamud's vision continued to worsen.

In the summer of 2009, Mohamud filed a claim under his long-term disability insurance. When Mohamud met with ETF's long-term disability specialist, the specialist warned Mohamud that the application process was slow and asked him if he had any savings or other sources of income. When Mohamud said no, the specialist convinced him to sign an "accelerated retirement application." The specialist promised Mohamud that he could "unretire" once his long-term disability benefits were approved.

While going through the application process, Mohamud met with 11 different long-term disability specialists, and he spoke with more than six others on the phone. One of the specialists told Mohamud to stop coming to the ETF office and threatened to call the police if Mohamud returned.

ETF employees "blocked" and ultimately denied Mohamud's applications for short-term and long-term disability benefits.[1] As a result, Mohamud cannot afford treatment for his glaucoma.

Mohamud told ETF that he wanted to file a lawsuit and asked for a copy of his documents. But ETF employees said that state regulations prohibited them from giving Mohamud his ETF file. So Mohamud wrote the ETF secretary and asked him to either address Mohamud's complaints or provide a denial letter so that Mohamud could start a court case. The secretary sent a lawyer to meet with Mohamud.

The lawyer gave Mohamud a copy of his ETF file, but it was missing most of the documents. The lawyer also took Mohamud to a room with a video camera, accused Mohamud of threatening her, and sent police officers to interview him. The officers seemed "trigger happy," and one of them threatened to take Mohamud "to the office."

Other strange things have happened to Mohamud:

- Two police officers beat him up, and then showed him their weapons and told him not to report it.

- Naked women were sent to Mohamud's residence in the middle of the night to "trap" him, and Mohamud called the police to remove them.

- People with ladders keep climbing onto the roof of Mohamud's building and watching him through the skylight. Sometimes they take pictures.

- Someone punched Mohamud in the face in front of a library. Mohamud ran into a coffee shop to escape.

---

[1] Mohamud does not explain if he applied for short-term disability as part of his income continuation insurance, or if he is referring to a separate insurance plan.

Mohamud does not provide additional details about any of these events. He says that he cannot prove that these events are associated with the ETF, but that they happened after he filed his disability claims.

ANALYSIS

Mohamud's complaint can be divided into two sets of allegations: (1) allegations that ETF wrongly denied his application for disability benefits; and (2) allegations that various individuals have physically attacked him or trespassed into his home. The second set of allegations do not state a claim against ETF. Mohamud describes these incidents in only general terms and he does not identify any of the individuals involved. And more important, he has not alleged any facts that would suggest that these events are connected to ETF. *See Bravo v. Midland Credit Mgmt., Inc.*, 812 F.3d 599, 601–02 (7th Cir. 2016) (complaint must plausibly suggest that plaintiff has a right to relief above a speculative level). Mohamud's mere speculation that ETF orchestrated these events, without any basis for that belief, is insufficient to state a legal claim.

That leaves Mohamud's claim that ETF wrongly denied his application for disability benefits. Because this is an issue of Wisconsin law, rather than federal law, I do not have jurisdiction to consider it and I must dismiss the case.

As I explained in my previous order, most lawsuits cannot be filed in federal court. "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). And district courts have an independent obligation to determine whether they can exercise subject-matter jurisdiction, even when no party challenges it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Unless Mohamud establishes

complete diversity of citizenship among the parties under 28 U.S.C. § 1332, or raises a federal question, I must dismiss the case for lack of jurisdiction. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009).

Mohamud's case does not raise a question of federal law. ETF is governed by Wisconsin statutes and regulations, not federal ones. *See* Wis. Stat. Ch. 40. Under state law, if ETF denies a claim for long-term disability insurance, then a claimant can challenge it only by filing an appeal with the employee trust funds board. Wis. Admin. Code § ETF 50.48(4). And if the employee trust funds board affirms the denial, then the claimant can appeal by filing a writ of certiorari in the circuit court for Dane County. Wis. Admin. Code § ETF 11.15. But there is no law that allows a claimant to appeal an ETF decision to federal court. Mohamud does not explain why he cannot challenge the ETF decision under state law, nor does he assert a federal claim that would otherwise allow him to collect his benefits from ETF.

Instead, Mohamud contends that this court has diversity jurisdiction because some of the ETF employees who denied his claim live outside of Wisconsin.[2] But to invoke diversity jurisdiction, Mohamud must establish that ETF is a citizen of a different state, and ETF's citizenship is not determined by where its employees live. A political subdivision of a state, unless it is simply "the arm or alter ego of the state," is a citizen of that state for diversity purposes. *Indiana Port Comm'n v. Bethlehem Steel Corp.*, 702 F.2d 107, 109 (7th Cir. 1983). And if it is the arm or alter ego of the state, then it is not a "citizen" under § 1332. *Moor v. County of Alameda*, 411 U.S. 693, 716 (1973). Either way, ETF is not a citizen of a different state than Mohamud and the court does not have diversity jurisdiction.

---

[2] Mohamud does not say whether he is a citizen of Wisconsin, but based on his arguments and the alleged facts, I assume that he is.

If Mohamud were to add the out-of-state employees as additional defendants, it would not change the outcome. Section 1332 requires "complete diversity," *Smart*, 562 F.3d at 803, which means that Mohamud must establish diversity jurisdiction for each individual defendant. If ETF is a defendant, then there cannot be complete diversity.

Because this court lacks jurisdiction, I will dismiss Mohamud's case. If he wants to pursue this matter, he would have to do so in state court.

ORDER

IT IS ORDERED that plaintiff Omar A. Mohamud's complaint is DISMISSED without prejudice to Mohamud filing his suit in state court.

Entered March 5, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge